IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| APPLEWOOD FARMS, LLC, an Illinois Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:18-cv-01358 |
| JAMES TOOMSEN and MICHAEL WIARDA, | ) ) ) ) | |
| Defendants. | ) | |

OPINION

RICHARD MILLS, United States District Judge:

On July 24, 2017, Plaintiff filed the instant case asserting claims for declaratory judgment and breach of contract in the Circuit Court of the Eighth Judicial Circuit, Cass County, Illinois, Case Number 17-L-4.

On October 2, 2018, Defendants removed the action to this Court.

Pending are the Plaintiff's objection to removal and motions to remand.

I.  BACKGROUND

Plaintiff Applewood Farms, LLC operates a farm located in Cass County, Illinois. Defendants James Toomsen and Michael Wiarda, both citizens of Iowa, are owners and operators of a swine operation located in Grundy County, Iowa. Three days before this case was filed in Cass County, the Defendants filed a Petition, Case

1

No. EQCV059544, in the District Court for Grundy County, Iowa, asserting claims for declaratory judgment and breach of contract. The Iowa action has been stayed pending resolution of this case.

The Plaintiff has sow and pig units located in various locations at Rural Route Oakford, Cass County. As part of the pig operation, the Plaintiff sells weaned pigs to farmers for raising those weaned pigs to a market rate. On or about February 1, 2013, Plaintiff entered into a Weaned Pig Sales Agreement with Defendants. The Agreement was automatically renewed for one-year terms at the end of the calendar year unless either party provided written notice of termination.

In or about February 2017, the Defendants delivered to Plaintiff written notice of termination effective immediately. The Plaintiff notified Defendants that their actions constituted a breach of the Agreement. The Plaintiff alleges the Defendants failed to cure the breach by accepting delivering and paying for the weaned pigs in compliance with the terms of the Agreement.

## II. DISCUSSION

### (A)

The Defendants sought to remove the action on the basis of diversity of citizenship, 28 U.S.C. § 1332(a), claiming the parties are citizens of different states and the amount in controversy exceeds $75,000. In their Notice of Removal, the Defendants state they sought to remove the action within 30 days of September 4,

2018, the date the Defendants received the Plaintiff's Response to Interrogatories and were first able to ascertain that this case had become removeable pursuant to 28 U.S.C. § 1446(b)(3), which provides, "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Section 1446(c)(1) provides, "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Regarding the bad faith requirement, section 1446(c)(3)(B) states, "If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1)." 28 U.S.C. § 1446(c)(3)(B).

The Defendants note that because the Plaintiff's complaint alleged damages "in excess of $50,000," they did not have notice that the amount in controversy exceeded $75,000 until receiving Plaintiff's Response to Interrogatories more than

3

one year after the case was filed. The Defendants contend Plaintiff acted in bad faith and deliberately failed to disclose the actual amount in controversy until August 31, 2018, more than one month after the one-year deadline.

The Plaintiff claims there is no evidence of bad faith under § 1446(c)(3)(B) and moves for remand under § 1447(c) to the Circuit Court of the Eighth Judicial Circuit, Cass County, Illinois.

The Plaintiff notes that total damages were not yet calculable at the time of the filing of its Complaint. By the time of the Plaintiff's Answer to Defendants' First Set of Interrogatories dated August 31, 2018 and received by Defendants on September 4, 2018, the Plaintiff had calculated $91,200.00 in damages for the time period beginning in January 2017 and ending on December 31, 2017, a figure reflecting the difference between the parties' agreed-upon contract price for 15,000 weaned pigs and the average price at which those pigs were actually sold. The Plaintiff's Complaint in Cass County was filed in July 2017, five months before the conclusion of the first contract term at the end of the year. The Plaintiff alleges the pig market was greatly fluctuating, making it very difficult to accurately estimate damages.

Additionally, the Plaintiff claims damages of $62,631.66 for the period between January 2018 and August 7, 2018, which obviously had not yet begun when the Complaint was filed. This figure also represents the difference between the

parties' agreed-upon contract price and the price at which the weaned pigs were actually sold during the time period.

The Plaintiff further notes it was simply following customary Illinois pleading rules in estimating damages "in excess of the amount of $50,000." Illinois Supreme Court Rule 222 provides, "Any civil action seeking money damages shall have attached to the initial pleading the party's affidavit that the total of money damages sought does or does not exceed $50,000." ILCS S. Ct. Rule 222(b). It is common practice for plaintiffs to plead damages "in excess of $50,000" so they can file their case as an "L" case, also known as a Law Division case, in state court. *See, e.g.*, *Midland Management Company v. American Alternative Insurance Corporation*, 132 F. Supp.3d 1014, 1029 (N.D. Ill. 2015), *Hastings Mutual Insurance Co. v. Atlantis Pools, Inc.*, Case No. 15-3341, 2016 WL 1389757, at *2 n.1 (C.D. Ill. 2016). The Plaintiff alleges this did not constitute an attempt to frustrate the discovery of the true amount in controversy.

The Plaintiff claims the best evidence that its damages exceeded the jurisdictional minimum for removal is the parties' settlement negotiations prior to the case's filing in Cass County. In a July 20, 2017 email to Plaintiff's counsel, the Defendants' Iowa counsel noted that Plaintiff had made two offers to settle which were in excess of $100,000. Citing *Walker v. Trailer Transit, Inc.*, 727 F.3d 819 (7th Cir. 2013), the Defendants claim that pre-filing settlement demands are not

5

sufficient knowledge of a claim's amount and are not an "amended pleading, motion, order or other paper" from which such information may be ascertained. *See id.* at 825 ("other paper" under § 1446(b)(3) refers to a post-complaint pleading).

On March 13, 2018, the Plaintiff made another settlement offer of $120,000. Accordingly, the Plaintiff alleges the Defendants had actual knowledge that the amount in controversy between the parties was in excess of $75,000 as early as July 20, 2017 and no later than March 13, 2018. Based on this history, the Plaintiff's August 31, 2018 Answer to Defendants' First Set of Interrogatories cannot be characterized as the moment the Defendants first became aware that the amount in controversy exceeded the jurisdictional threshold. Additionally, the Plaintiff notes that prior to removal, Defendants filed a counterclaim in the Cass County case and answered Plaintiff's written interrogatories on June 15, 2018, stating their damages were $205,693.60.

While a settlement offer is not admissible "to prove or disprove the validity or amount of a disputed claim," *see* Fed. R. Evid. 408(a), it may be used to determine the "stakes." *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006). District courts are entitled to take such offers in to account in determining the amount in controversy. *See id.*; *See also Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). The Defendants contend that settlement demands at the early stages of litigation are unreliable and usually lack support as to how the

damages were calculated. They claim it was not until the Plaintiff's discovery responses were received that Plaintiff offered evidence of their calculations and claim for damages in excess of $75,000. The Defendants allege that is when they could first establish by a preponderance of the evidence that Plaintiff's damages exceeded the jurisdictional threshold. The Defendants say they should not be penalized for being cautious and waiting to remove the case when there was established evidence of Plaintiff's damage amounts.

The Defendants cite *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003) for the proposition that the conduct of a plaintiff in seeking to circumvent federal jurisdiction allows a district court to equitably toll the one-year deadline in § 1446(b) on the grounds of bad faith. *See id.* at 426-27.

(B)

The only basis for the Court to conclude that removal was appropriate is to find that Plaintiff acted in bad faith. However, there simply is no evidence of bad faith. The allegation of damages "in excess of the amount of $50,000" is familiar to the Court in that many, if not most, cases that are removed from state court include the same plea for damages. The Plaintiff cannot be said to have acted in bad faith by following typical Illinois pleading practices.

It is also apparent that, because the Weaned Pig Sales Agreements were for twelve-month terms ending each year on December 31 and subject to automatic

7

renewal in the absence of valid termination, the Plaintiff would not have been able to allege more precise damages until sometime after the end of 2017—when the contract period for that year ended. The Plaintiff cannot be faulted for not alleging more specific damages before the first twelve-month period ended.

In any event, the Plaintiff's March 2018 offer to settle for $120,000 should have put the Defendants on notice that the amount in controversy exceeded $75,000. The Seventh Circuit has recognized that "the willingness to accept $60,000 supports a conclusion that the 'controversy' exceeds $75,000." *Rising-Moore*, 435 F.3d at 816 ("Rising-Moore did not offer to take $60,000 if a jury should decide in his favor and nothing otherwise; he wanted $60,000 *with certainty*, which implies that the stakes at trial comfortably exceed the minimum."). Here, the Plaintiff's willingness to accept double the amount in *Rising-Moore* should have put the Defendants on notice no later than March 2018 that the amount in controversy exceeded $75,000. There is no evidence that Plaintiff was trying to hide the ball or deliberately waited until one year elapsed before disclosing the amount in controversy. The Defendants had notice that the case was removable well before September 4, 2018, and within one year of the case commencing in Cass County.

Additionally, the Defendants presumably would have had equal knowledge of the contract price in previous years and would have been as capable as the Plaintiff of estimating the value of a contract providing for the sale of more than 15,000

8

weaned pigs. There simply is no evidence that Plaintiff attempted to withhold information pertaining to the amount in controversy or otherwise engaged in bad faith.

Because the Defendants' notice of removal was filed more than one year after the case was commenced in the Circuit Court of the Eighth Judicial Circuit, Cass County and Plaintiff has not acted in bad faith, the Court concludes this case is not subject to removal under § 1446(c)(1).

<u>Ergo</u>, the Plaintiff's motion to remand [d/e 6] is GRANTED.

Pursuant to 28 U.S.C. § 1447(c), this case is remanded to the Circuit Court of the Eighth Judicial Circuit, Cass County, Illinois.

The Clerk shall send a certified copy of this Order to the Clerk of the Circuit Court of the Eighth Judicial Circuit, Cass County, Illinois.

The Clerk will terminate any other pending motions [d/e 8, 9] and close this case.

ENTER: May 30, 2019

    FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge